and the defendants. On behalf of the defendants of Pelham, I turn Mr. Brock Black. On behalf of the plaintiffs, I turn Mr. Brian LaFroja. Morning, gentlemen. Mr. Black, proceed. Good morning, Your Honors. Playing basketball again, Mr. Black? May it please the court, counsel. I think that this case, well, first of all, Robert G. Black of record for the defendants of Pelham. I think this case presents us with a primary issue of where's the forum? We have a circumstance here where there's a definite contractual right to attorney's fees for the prevailing party. We have a circumstance where the first appellate court opinion here reversed the judgment in favor of the plaintiffs and against the defendants. That reversal then meant the defendants were the prevailing party. So the question then becomes where do they proceed with their claim for attorney's fees as the prevailing party? Now, there is a case that we've cited, and obviously Your Honors are aware of the Renfro case, that says you proceed back in the trial court. Because the 5th District there found it as another complaint or another issue or they used some language. The 5th District's reasoning is that Rule 369B, which the plaintiffs have used as a way of objection, has that language that says other proceedings may be conducted as if no appeal had been taken. And they analogized to a Section 1983 case and used that United States Supreme Court decision in White to say that, well, you know what, there isn't any claim for attorney's fees until you're the prevailing party. Now that you are the prevailing party, this is a claim that you now have, and you should be entitled to bring it. And I guess that's our position in a nutshell. We should be, our client should be entitled to bring this claim. In your client's answer in the initial, we'll say in 1, Kelly 1, was there a request for prevailing fee, prevailing party fees? My recollection is there's an answer in affirmative defenses, and as part of the affirmative defenses, there's kind of a blanket, any such other further relief including attorney's fees. I'm fairly certain of that. So we've got Renfro that says you can do it this way, but then we've got this other case, the Dallin-Jupiter case, and I don't know if it's Dallin or Dallin, but I'm going to say Dallin, that says, well, you If I try to bring a separate complaint later, then that has a preclusive race judicata effect. But didn't they try to go back to the trial court first without a remand, and that didn't work, so that's why they brought the separate complaint? What happened in that one is that there were two defendants. Both got hit for $550,000 and change. Got reversed, no remand, so they went back, and the one defendant, Trammell Crowe, filed for attorney's fees within 30 days of the mandate, and the second one filed after that. The trial court dismissed it for lack of timeliness. Now, they didn't pursue that. Well, they appealed that, but the appellate court said we can't touch this right now because there's still a pending attorney's fees issue with Trammell Crowe and the other defendants, and you didn't have a 304A fine, and so nothing further was done there, and then what happened is they had this other complaint, and this other complaint, the court in Dell and Jupiter said what you did in the first one now has a preclusive race judicata effect, or basically what you didn't do in the first one. But what you could have done. What you could have done, and this is where, okay, I'm going to say, obviously, Trammell Crowe is a great decision. Counsel is going to say Dell and Jupiter is a great decision. I'm going to say Dell and Jupiter is totally off the board. In Dell and Jupiter, Mr. Black, have they previously in any of the pleadings asked for or requested attorney's fees? So many cases here. Dell and Jupiter, I think, let me just kind of look at my notes here for a moment here. I don't believe that there was a prior request for attorney's fees. I think that was never an issue there. But here's what concerns me about Dell and Jupiter. What it's saying here is that if you don't act within 21 days in some fashion, you're out of luck, even though you have a prevailing party for attorney's fees. But in your brief, you were asking for a reversal. I mean, I don't know if you handled the original appeal, but in Dell and Jupiter, the same thing. In the brief, you're saying, we were wrong. This was a wrong decision. So in the white brief and the yellow brief, you're asking for a reversal of the trial court's decision. Now, Justice Breyer, you're referring to our first appeal. We asked for a reversal because all that was on the books was a liability. If you get a reversal, who are you? The prevailing party. So why don't you add another sentence and clue us in and say, we're asking for a reversal, and hey, if you give it to us, we're the prevailing party. We want attorney's fees. Believe me, Your Honor, I've struggled with this since this has come down the pike. As I look at this, the trial court talked about, Dell and Jupiter talked about, just file a petition for re-hearing. I don't agree with Rule 367 as allowing me to do that when I've been a successful prevailing party. At the time, I guess you can argue that the fees were really not right. They were not right because they were not the prevailing party until the appellate court decision was rendered. At that point, now this potential claim for fees became right. But what happened, this first appeal, was liability only. So when the appellate court in Kelly 1 reversed, it said, you can't do anything else on liability. That's a given. Liability is done. You can't touch anything else. There's nowhere else to go on that. But then the problem becomes, what does this mean, this whole prevailing party language, and where can my clients bring it? Obviously, we want Your Honors to come down on the side of, yes, you can bring it in the same court, but even if that's not the case, the problem we have with Dill and Jupiter is, then you're saying you can't bring it as a separate complaint because that's res judicata. I don't see how we could have brought it before the appellate court, Your Honor, because again, there was no issue of attorney's fees for the defendants before the trial court, and what would I present to the appellate court within 21 days of the decision that Your Honors or the panel on that case could legitimately consider? The fees for the defendants were not an issue in that case because they were not yet the prevailing party, and I don't know what I could have brought, and even if I could have brought something, Your Honor, let's say within 21 days that I had a consult with my clients and we said, let's go file a motion in the appellate court to say, Your Honors, we understand that you've reversed, but we want to go back and do this and this and this. Who's to say that motion would have never been granted? But to say that if we don't do something within 21 days, when we have a claim that is only first right after the appellate court reversed, and if you don't do it within 21 days, you're out of luck forever, doesn't make logical sense to me. And didn't Renfro look at the equities? Renfro looked at the equities, and I think, you know, it was about time somebody looked at the equities because even when you go back to the Watkins decision in 1925, this was a foreclosure case where somebody got their property taken away, and then it was reversed, and the Supreme Court said, nope, sorry, reversed, nothing else you can do. But when we stack up the equities against the Supreme Court rule, equities lose. I understand that. And Renfro reads 369B in a way that other cases have said that was inaccurate because 369B can be read arguably from the other side's perspective, can be read as having two conditions precedent, correct? I would agree with that, Your Honor. It could be read that way. Yes. 369, here's the other problem I have with 369 and how this has evolved. I'm wondering how a procedural rule became a jurisdictional edict because Rule 369 and 369B talks about the procedure. If you affirm the appeal, if you dismiss the appeal, once the mandate is issued, all those kind of factors. It doesn't talk about reversal, granted. We all know that. But this is the procedure that should be undertaken in terms of what happens after one of these things happen in the appellate court that didn't happen in our decision. So it's a procedural mechanism. I think the Dell and Jupiter case went far afield of what that rule is intended to be to say it's a jurisdictional case. And even this court in that Brandon vs. Case case back in 1988 said it was not a jurisdictional aspect in that case where the death of the wife before dissolution meant the cause of action abated and then you can't do all the other things that you can do. That once the mandate issues, the trial court is revested with jurisdiction. There it said that he didn't have the ability because the cause of action abated because the wife pre-deceased by judgment of dissolution and everything else should stop. But what we're talking about here is a jurisdictional aspect that somehow arisen out of the Renfro case, which this court did adopt and accept in the Glenn's vs. Hanover Condemnation Association case. But where are we left here? If Your Honors, obviously we would like Your Honors to say yes, reversed on liability, now you've got a claim for contract damages, go ahead and proceed in the same court, judicial expediency, etc., etc. But if that's not the case, then we should be able to proceed even with a new complaint. And the Dell and Jupiter's case says we cannot. It's res judicata because somebody didn't raise it within 21 days. Bottom line. Alright, so there are two things that I have struggled with. Number one, a reversal ends the case. Because that was the only issue before us. Correct. Whereas the Carbide case does say that where there are no other claims pending in the circuit court, the trial court is not revested following a reversal without remand. There was, well, there were a couple problems. If there was something pending left in the court, we should have had a 304A fine and gone. Forbid. But are you saying that by the nature of the action you could then create something that would be pending in the court? Because look at the people in Carbide. Nobody can do anything there. We've got a house that somebody shouldn't be owning and we've got people paying rent. And they have no recourse. And by the way, my two esteemed colleagues were panel members. I'm very aware of that when I'm watching this morning. And it's hard not to understand their position, frankly. Because when it's over, it's over. I would concur with that. Obviously, I've struggled with this, too, because you've got what I believe to be divergent case law that says makes it very unclear what somebody can do when they have this right that's first created when they become the prevailing successful party after reversal on appeal. No question that the reversal on liability, on all the issues that were before the appellate court on the first go-round, that's final. That's done. Nothing else can be reopened there. So what happens now to this dangling claim under contract? Where can they bring it? If you say it's a separate complaint, fine, we'll bring the separate complaint. Is there a dangling claim? Because your emphasis and although you're not a trial attorney, the emphasis at trial was liability. There is this underlying contract that creates or explodes the liability issue. So is it up to the court to take judicial notice of that contract and remand sui sponte? Or is it up to counsel or some authority to bring it to our attention? I certainly don't believe it's up to the court. Because the court on review is to resolve what's before it. And all that was before it was liability and the damage finding. Is it up to the defendants now as prevailing party? Again, I'm coming back to according to Dillon Jupiter, you've got to do it in 21 days or else it's lost forever. That's a petition for rehearing. I struggle with what else were we supposed to do after the opinion was decided to say, your honors, you have to reverse. Would you please also remand? Because we have this claim here that's still Well, what about any time before mandate? That's also I think, although Dillon Jupiter says one thing but what about, you know, there's a progression in the law. It doesn't stay static. And while I respect Justice Holson, Justice Hoffman and Justice South if the law does progress. So what about through mandate when somebody goes, whoa, you know, we've got a problem here maybe. Again, I believe that the focus all along was on the liability determination. And even through mandate, I don't know what we could have legitimately filed before this court to ask the court to change its directions. Not only that, but even if we were to file it, who would say we'd be successful or that anything would have changed? I think it's more likely than not that the panel would have seen this motion and said, that's for the trial court. I really do. Or we would have held you in contempt. So either way. Well, you know. Would you like to wrap up? Pardon me? Would you like to wrap up? Certainly. I know we have a bubble coming up. But I have struggled with two Your Honor, Justice Hutchinson mentioned this. How was the first one decided if attorney's fees were still out there, so to speak? And I think inherent in the decision of the opinion, it was liability only. It wasn't attorney's fees. So I'll reserve the rest of my time. Thank you for your time. Mr. LaFrod. Good morning, sir. Good morning. May it please the court, Brian LaFrod on behalf of the plaintiff's appellees in this case. I think, Your Honor, the controlling law in this case is very clear. And it was just set forth for probably the fourth or fifth time by this court last year in the Glens of Hanover case. And in that case, I'll just quote it, this court, of which two of the current panel members in that decision stated, the Watkins rule is clear. A reversal without remand does not revest the trial court with jurisdiction. There was no case pending in the trial court following a reversal without remand. Accordingly, we hold that the trial court here correctly ruled it lacked jurisdiction. Do you think that the fear for, or the fear which prompted that, you know, no, a reversal without remand does not divest the trial court, was it, don't you think that had little to do with res judicata or a fear of the court going back over issues that were already resolved by the trial court? I don't see that in the opinion. There's no reference to res judicata. It's based entirely on Watkins and Rule 369. But in this particular case, where you have attorneys fees, there certainly is no fear of dabbling or treading in an issue that the appellate court had already addressed. And in this particular case, the, I think it was in an answer where they did ask for attorney's fees. Those issues were not resolved at the appellate court. Why can't they be resolved at the trial court? Simply because Watkins, Rule 369, Dale and Jupiter, Glenns of Hanover, and Brandon all hold otherwise and say that when you have a reversal, that's the end of the case. How about Renfro? Renfro is clearly wrongly decided and we demonstrated that in our brief as Justice Burke alluded to. It based its decision on a misreading of 369B. 369B clearly only applies in the context of a dismissal of the appeal or an affirmance. What the Renfro court did, and it's evident if you look at the opinion, it selectively quoted a portion of 369B, only the second  portion of 369B. And that's whether in the Renfro case, where just like here there was a reversal without remand, whether the court could go back and the trial court could then address attorney's fees. Critically, Renfro didn't even address Watkins at all. It didn't address Brandon, which was cited by this case prior to Renfro. That alone calls into question its validity. But it did do something that none of the other cases did, and that is look at equities. Reason that, well, this just doesn't make sense. They never said it's not fair, but they said in the total scheme of things, there has to be some resolution. Why is that wrong? Other than it doesn't quote 369 the way you would like it quoted for purposes of this decision. Well, I think equities are always a consideration. I don't think they trump Supreme Court decisions or Supreme Court rules, etc. The other thing is their basis for this I don't view it as solely based on equities. I mean, they alluded to that by citing to a completely different paradigm for attorney's fees under the federal system with federal statutes. But again, their decision ultimately was wrongly decided based on a misreading of a Supreme Court rule. That was the basis for how they got there. So if, you know, as my opponent says, well, they got the result right, well, sure, he likes the result. But if the result stems from a wrong reading of the law, even if you can make an equities argument, it's still a wrong reading of the law. The Supreme Court never, well, we don't know if anybody asked them to, but nobody's ever said, wait a minute, there might be some yellow flags next to Renfro, but it's never been overturned in any decision. The only court to have actually substantively addressed it in this context specifically said it misread Rule 369B and that was the Dale and Jupiter case. And the other point I think is, you know, counsel repeatedly argues, what are we supposed to do? What are we supposed to do? You know, we had no way to do this. It's very simple. And this happens day after day in appeals. When you're the losing party and you know that there's an attorney's fees thing floating there and you file your case, you want it to be reversed and you want it to be remanded so that you can go back to the court and file your attorney's fees petition. But were the fees, the issued fees, ripe at that point? They're always ripe in the sense that you know that whoever wins the case gets their fees. You know that on day one, you know that at the end of the case. So throughout the case, you have to keep, you know, pushing for your attorney's fees. And the way you do that on appeal is very simple. You can't just ask for a reversal because a reversal ends the case. If you ask for the remand, you're all set. Did the Kellys actually get, I don't remember, did the Kellys get fees on Kelly 1 or did they just get their damages? They got the damages and I think the appeal was filed before we could file a motion for attorney's fees if I remember correctly. So then fees might not be out there. If they didn't get any, why would, I mean, why would the defendants, now appellants, think that they should do something about fees? Well, it depends on who you are heading into the appeal. You know, if you're the appellee, like we were in that first case, we don't have to request anything. We just need an affirmance because under Rule 369B, the affirmance gets us right back to the trial court. We file a fees petition. There's a different burden on the appellant in that case. They know that if there is a reversal, the case is over. There's nothing left for the trial court to do. So the only way you can get in front of the trial court again is to request that remand. But isn't it a new claim? No, it's always been a claim in the case. And again, you know, the appellate court doesn't know what's going on in the sense of what the party's post-appeal strategy is going to be or what their plan is going to be. The litigants have to tell the appellate court, look, this is what's at stake. This is what we need from you. This is why we're filing this appeal. We've got this other thing that we need to do and we can't do it unless you give us a remand. Isn't attorney's fees kind of like filing fees or bond monies that are left in a criminal case where even if it's reversed, the trial court's going to do some housekeeping if you will and clean up some of the straggling leftover administrative matters? Why is it no different with attorney's fees than it is in a criminal matter? Well, I would say two answers. One is that sometimes you have a pre-existing attorney's fees petition that was filed prior to the appeal. And as a result, when the appellate court makes this decision, that's still pending in front of the trial court and has to be dealt with. Even if it's reversed outright? Again, the appellant in that case should request remand because they know they've got this pending there. But what if he doesn't? If he doesn't, I'd say they have a far better argument that there's something still pending before the trial court that hasn't been resolved. Didn't they ask for attorney's fees in an answer in this case? Right, but what I'm talking about is a pending post-trial motion for attorney's fees. If you filed, like this would have happened to us, we could have filed our petition for fees, they would have filed a notice of appeal, that petition would have been stayed until this was resolved. In that circumstance, it's a totally different situation. But at that time, at the time of this appeal, had they filed a petition for attorney's fees, there would have been some issues with 137, possibly. That's true, they weren't the prevailing party. I think it's incorrect to view this as you have a litigation and claims just accrue at random times. Your ability to maybe seek relief for certain claims, you may not be able to seek that relief until something happens, until you win. But you should be able to anticipate it. Right, the claim is always there. You know, when you see that contract and the complaint comes in, alright, there's a prevailing fees petition, there's a prevailing fees issue here, so we've got to make sure we're pursuing that every step along the way. And the way you do that is you request a remand. And if you don't request the remand, as Dale and Jupiter pointed out, you do have some ability to go back to the appellate court, whether it's within 21 days or prior to the mandate, and say, oh, sorry, we screwed up, we didn't ask for a remand, we forgot. Hey, can you modify the mandate so that it remands it? Because we've got this issue. Wouldn't you have had a nice motion to dismiss or either one of those filings based upon Rule 367? I mean, a PFR shall state briefly the points claimed to have been overlooked or misapprehended by the court. That doesn't seem to fit into any of those, you know, asking the court, saying, oh, I goofed up, I didn't ask for a remand, so I'm asking for it now. A motion to strike that pleading might be in order. You know, that's possible. I don't know all the parameters of Rule 367 in terms of what you can bring. I would know that you could at least try to do that to see if you could get a court who would agree that that's the appropriate mechanism for modifying the mandate. Realistically, would you agree with Dale and Jupiter then that that's res judicata and you can't file a new action? Yeah, I would agree with that. That's a claim within this case, correct? Right. So if you can't file a new action and you have to have a remand, if you don't, in the plain language of the petition for rehearing language or rule, if you don't ask for it in your brief, you're pretty much out of luck, right? That's true, and that's the law. I mean, that's what all these cases have said. We've had cases with, you know, maybe far worse facts where, as a result of an outright reversal, there was nothing that could be done in front of the trial court. Those are the rules that apply to the litigation, and every attorney who's ever stepped up to this podium has probably had a gripe with some procedural rule or another. That's part of civil procedure. But aside from 369, the rule, if appellants were to rely on Dale and Jupiter, there is a distinguishing factor in Dale and Jupiter in that this is a separate case as opposed to what Colwell Banker or whoever it was in that case trying to bring the action within, trying to bring their action for fees or whatever they were asking for within the actual first litigation. So, I mean, that distinguishes this case, doesn't it, this case from Dale and Jupiter, which was really the only thing out there of any substance at the time other than Rule 69, which had now been reviewed in two different ways. The only thing of substance at what point? A case law at the time that Kelly 1 came down, because Parbi didn't come down until a couple years afterwards. Well, this Court's branding decision had been around and said exactly the same thing as Glenson-Hanover at the time of Kelly 1. So I don't think that the only thing at issue was Dale and Jupiter. I think Dale and Jupiter was a slightly different procedural context, but ultimately the ultimate holding was based on the same rule, the Watkins and the Rule 369B language that are now right reverse. That means no further action by the trial court. So, you know, what we have here is a situation where we've got some pretty crystal clear law. We've got Rule 369B. We have the Supreme Court's Watkins case. We have Dale and Jupiter. We have Brandon. We have Glenson-Hanover. Both of those two cases from this district all saying one thing. We then have Renfro saying something different, and when you look at Renfro, it's clearly misconstruing the language of Rule 369B as the basis for his decision. What counsel is asking, and he admits it in his brief, is he wants this Court to overrule all of those decisions and make an exception for this particular case, even though in all those other cases it was basically the same situation. A reversal led to a party not being able to do something in the trial court after the reversal. Thank you, sir. Thank you, Your Honor. Mr. Black. Again, the linchpin of the Dale and Jupiter case is that they didn't file something after the first opinion, and there's been some discussion here about what could have been done afterwards or what could have been done during the briefing. I have to say, as I read 367, again, petition for rehearing is not the mechanism, but I have to believe, and again, I have struggled with this, but I have to believe that if I obtained a reversal and I came before the same panel in this Court and said, thank you very much for the reversal, but I would also like remand instructions because there's this attorney's fees petition that we want to pursue now that we are the prevailing party. I don't see how I could have done that. I don't see how that motion would have been received. You couldn't put that in your PFR? You said the trial court overlooked a remand due to these petitions? If I'm following the language of Rule 367, something that the appellate court overlooked or misapplied, I don't see how I can do that by saying, okay, we weren't the prevailing party before, we didn't file a formal petition, we didn't have anything before the trial court in terms of attorney's fees, but now I want you, by way of a petition for rehearing, to change the judgment line to say not just reverse, but I don't see how I could have done that within the parameters of Rule 367. You clearly could do that if you had it in your brief that you wanted a remand for attorney's fees and then we simply said no, we simply said reverse and didn't talk about that, then that's something we overlooked because it was in your brief, correct? Well, again, the briefing focused on liability. And at the time, your fees weren't right. There were no fees to talk about. That's what I'm struggling, too, with this whole concept of how do we reconcile the ability to afford restitution with a rule that says when it's reversed, you can't do anything else as to anything. If my clients would have paid the initial $150,000 judgment, instead they post an appeal bond, but if they wouldn't pay the entire $150,000 judgment, judgment gets reversed. You follow Dale and Jewel to its logical conclusion. You follow the way Watkins came down. While there is unquestionably a right to restitution by way of the case law, you can't engage or utilize the trial court to obtain that restitution. Why couldn't you file a requirement action? If somebody's holding your $100 million, you paid the full judgment and then it was reversed later, you couldn't file a new requirement action for that? Again, that's a point that I have not sufficiently thought through, but I just have to come back to this whole Dale and Jupiter thing that says res judicata. That's the problem. As much respect as I have for Justice Wolfson, the authoring judge of that one, I think that case just goes far afield. I think that case wanted to say it's res judicata for issue preclusion's sake, for res judicata's  Well, you could have done this. You should have done this because you didn't do it while it was still quote-unquote ripe in the appellate court, then you're foreclosed and you can't file a separate complaint. In a perfect world, do you see this as a new claim? I guess it's a new claim, a claim that just arises, but is it a claim within the old case or is it a brand new claim? I see it as a brand new claim. So you're saying Dale and Jupiter is wrong and not necessarily that Glenn's of Hanover is wrong. That is correct. If we were to say we're following Glenn's of Hanover, that's the procedural posture of this case. Yes, it is. You want us now to go a step further and issue what might be an advisory opinion to say go back to the trial court and file your new action. Advisory opinion? Okay. Well, I mean, that's not before us. You didn't file a new action. Are you submitting that the claim that's down there that was set out in that answer is in itself quote-unquote a new action? A separate action? I guess now I'm getting a little confused between new action and ripeness and those types of things. I think that there were no attorney's fees issues on either side of the ledger before this court in Kelly 1. Once the appellate court issued its determination, the defendants became the prevailing party and at that time they could pursue what they're entitled to under the contract as the prevailing party. So this whole thing didn't exist for the defendants until they became the prevailing party upon reversal of the liability determination. Well, Carbide, as I said earlier, says where there are no other claims pending in the circuit court, the trial court is not revested with jurisdiction following the reversal without remand. Is there something pending in the trial court? I suppose there is something pending because of that request within the affirmative defenses. Then why did I hear Kelly 1 and say I had jurisdiction? And that's the problem. That is the problem and that's what I have also struggled with, Your Honor, but I think that the answer to that is that while both sides raised attorney's fees in some fashion, the judgment of liability was a judgment of liability. It did not touch upon attorney's fees and I think that inherent in that is the court issued a final judgment that had nothing to do with attorney's fees for the prevailing party. And it didn't have to consider attorney's fees for the non-prevailing party even though it might have been thrown in there as part of the answer in affirmative defenses. Thank you for this. We would ask, Your Honor, that this matter be reversed and remanded. Thank you. Thank you, Mr. Black. Thank you, Mr. LaCroix. Thanks for your time, gentlemen. We will take this case under consideration and a decision will be rendered in due course. Have a great day.